UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

LACEY L POLDERDYKE,

        Plaintiff,

v

WAYNE COUNTY, RAPHAEL
WASHINGTON, MICHAEL TURNER
and ROBERT DUNLAP,

        Defendants.
_____/

Case No. 2:17-cv-11516
Hon. Paul D. Borman
Magistrate Judge Mona K. Majzoub

> **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, RELIANCE UPON JURY DEMAND AND CERTIFICATE OF SERVICE**

BOYLANLAW, P.C.
Karie H. Boylan (P55468)
Attorney for Plaintiff
410 W. University, Suite 201
Rochester, Michigan 48307
855.926.9526
855.326.9526 (fax)
karie@boylanlaw.net

WAYNE COUNTY CORP. COUNSEL
Zenna F. Elhasan (P67961)
Co-Counsel for Defendants
500 Griswold, 30th Floor Guardian Building
Detroit, MI 48226
313.224.8719
zelhasan@waynecounty.com
cyapo@waynecounty.com

ALLEN BROTHERS, Attorneys & Counselors, PLLC
James P. Allen Sr. (P52885)
Charles S. Rudy (P27881)
Abigail L. Wright (P80351)
Co-Counsel for Defendants
400 Monroe Street, Suite 620
Detroit, MI 48226
(313) 962-7777
jamesallen@allenbrotherspllc.com
crudy@allenbrotherspllc.com
awright@allenbrotherspllc.com

_____/

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES, RELIANCE UPON JURY DEMAND,
<u>AND CERTIFICATE OF SERVICE</u>**

**<u>ANSWER</u>**

Defendants Wayne County ("County"), Raphael Washington ("Washington"), Michael Turner ("Turner") and Robert Dunlap ("Dunlap"), by their counsel, Wayne County Corporation Counsel and Allen Brothers, Attorneys & Counselors, PLLC, for their Answer to the Complaint filed against them by Plaintiff Lacey L. Polderdyke ("Polderdyke"), state as follows:

**<u>Jurisdiction and Parties</u>**

1.      In response to Paragraph 1 of Polderdyke's Complaint, Defendants admit that Polderdyke's Complaint purports to state causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") and Michigan's Whistleblowers' Protection Act ("WPA"), and Michigan's common law for the tort of intentional infliction of emotional distress. In further response, Defendants deny that Polderdyke has a legitimate basis for any of her claims.

2.      In response to Paragraph 2 of Polderdyke's Complaint, Defendants can neither admit nor deny as they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

3.      In response to Paragraph 3 of Polderdyke's Complaint, Defendants can

neither admit nor deny as they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

4.      In response to Paragraph 4 of Polderdyke's Complaint, Defendants can neither admit nor deny as they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

5.      In response to Paragraph 5 of Polderdyke's Complaint, Defendants admit that, in her Complaint, Polderdyke claims that Defendants are liable to her in an amount in excess of $25,000.00, exclusive of interest, costs, and attorney fees. In further response, Defendants deny that they are liable to Polderdyke in any amount whatsoever.

6.      In response to Paragraph 6 of Polderdyke's Complaint, Defendants admit that Wayne County is a Michigan Municipal Corporation.

7.      In response to Paragraph 7 of Polderdyke's Complaint, Defendants deny that the fiscal year 2015-2016 budget for the Sheriff's Office was $144,143,656.00. In further response, Defendants state that the 2015-2016 fiscal year budget for the Sheriff's Office was $34,350,662. Defendants admit that the Sheriff's Office is operated as a paramilitary organization that has more than five hundred (500) employees, with the highest ranking positions, in order of rank, being Sheriff, Undersheriff, Chief, Deputy Chief, Commander, Captain, Lieutenant, Sergeant and Corporal/Police Officer.

8.     In response to Paragraph 8 of Polderdyke's Complaint, Defendants state that Polderdyke is currently employed by Wayne County in the classification of Police Officer.

9.     In response to Paragraph 9 of Polderdyke's Complaint, Defendants admit that Turner currently is the Sheriff's Chief of Staff.

10.     In response to Paragraph 10 of Polderdyke's Complaint, Defendants admit that Dunlap currently is the Sheriff's Chief of Jails and Courts.

11.     In response to Paragraph 11 of Polderdyke's Complaint, Defendants admit that Washington currently is the Sheriff's Deputy Chief of Courts and Division III.

12.     In response to Paragraph 12 of Polderdyke's Complaint, Defendants state that, within the paramilitary organization, Turner, Dunlap and Washington hold higher ranks than Plaintiff.

## Background Facts

13.     In response to Paragraph 13 of Polderdyke's Complaint, Defendants state that Polderdyke was hired by the County in 2008, voluntarily resigned effective December 6, 2015 and was rehired effective March 15, 2016.

14.     In response to Paragraph 14 of Polderdyke's Complaint, Defendants admit the allegations contained therein.

15.     In response to Paragraph 15 of Polderdyke's Complaint, Defendants

4

can neither admit nor deny as they are without knowledge or information sufficient to sufficient to form a belief as to the truth or falsity of the allegations contained therein.

16.     In response to Paragraph 16 of Polderdyke's Complaint, Defendants state that Washington's office was located in the Dickerson facility/Jail Division III in Hamtramck at the time he was assigned as Deputy Chief over Courts and Jail Division III sometime in late 2013.

17.     In response to Paragraph 17 of Polderdyke's Complaint, Defendants can neither admit nor deny the existence of "rumors circulating among Wayne County employees" as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent that Paragraph 17 can be construed as containing any factual allegations, Defendants deny them because they are untrue.

18.     In response to Paragraph 18 of Polderdyke's Complaint, Defendants can neither admit nor deny the existence of a "reputation" as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent that Paragraph 18 can be construed as containing any factual allegations, Defendants deny them because they are untrue.

19.     In response to Paragraph 19 of Polderdyke's Complaint, Defendants state that, on one occasion, in the presence of another female Deputy, Angela

Cohill-Beavers ("Cohill-Beavers"), Washington asked Polderdyke to massage his shoulder which was bothering him, and Polderdyke did so. According to Washington, Polderdyke had provided similar massage therapy to other employees in the office.

20.    In response to Paragraph 20 of Polderdyke's Complaint, Defendants state that, upon information and belief, Polderdyke did not file a complaint about this shoulder massage with any agency or person at or near the time it occurred. With regard to the remaining allegations in Paragraph 20, Defendants can neither admit nor deny as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those remaining allegations.

21.    In response to Paragraph 21 of Polderdyke's Complaint, Defendants state that Polderdyke resigned from County employment effective on December 6, 2015. In further response, Defendants state that, around the time she resigned from the County, they believe Polderdyke was hired by the Canton Police Department as a police officer. With regard to the remaining allegations in Paragraph 21, Defendants deny them because they are untrue.

22.    In response to Paragraph 22 of Polderdyke's Complaint, Defendants state that Polderdyke applied for rehire and was rehired by the County effective March 15, 2016.

23.    In response to Paragraph 23 of Polderdyke's Complaint, Defendants

deny the allegations contained therein because they are untrue.

24.    In response to Paragraph 24 of Polderdyke's Complaint, Defendants state that, at the time Polderdyke resigned from the County in December 2015, she held the classification of "Police Officer" and was assigned to the Courts Division.

25.    In response to Paragraph 25 of Polderdyke's Complaint, Defendants state that, before she returned to work at the County, Polderdyke and Washington exchanged text messages that were initiated by Polderdyke. Polderdyke has attached a document which she claims is a complete and unedited copy of those text messages, which contain text and emoji's. With regard to the content and meaning of the text messages between Polderdyke and Washington, Defendants rely upon the best evidence of the text messages which is the actual, complete and unedited text messages.

26.    In response to Paragraph 26 of Polderdyke's Complaint, Defendants can neither admit nor deny Polderdyke's allegations about what she did with these text messages. With regard to the content and meaning of the text messages between Polderdyke and Washington, Defendants rely upon the best evidence of the text messages which is the actual, complete and unedited text messages.

27.    In response to Paragraph 27 of Polderdyke's Complaint, Defendants can neither admit nor deny because they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained

7

therein.

28.     In response to Paragraph 28 of Polderdyke's Complaint, Defendants state that, on or about March 29, 2016, Turner called Polderdyke to ask her whether she had any issues with Washington. Polderdyke informed Turner that she did not have any issues with Washington. With regard to the remaining allegations in Paragraph 28, Defendants deny them because they are untrue.

29.     In response to Paragraph 29 of Polderdyke's Complaint, Defendants can neither admit nor deny because it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

30.     In response to Paragraph 30 of Polderdyke's Complaint, Defendants deny that, at any point, the Sheriff or Undersheriff learned that Washington had been harassing Polderdyke. At some point, Defendants became aware that Polderdyke was alleging that she had been harassed by Washington and that she supposedly had some "incriminating text messages." In further response, Defendants deny the allegations, admittedly based on "rumor," concerning the alleged statement by Undersheriff Daniel Pfannes, because such allegations are untrue.

31.     In response to Paragraph 31 of Polderdyke's Complaint, Defendants state that, on or about May 13, 2016, Turner and Washington met with Deputy

Corey Grant ("Grant") in Dunlap's office. Defendants deny that Grant was ordered to attend this meeting. In further response, Defendants can neither admit nor deny whether this is the meeting Polderdyke is referencing or whether Grant is Polderdyke's "long term boyfriend" because they are without knowledge or information sufficient to form a belief about the truth or falsity of those allegations.

32. In response to Paragraph 32 of Polderdyke's Complaint, Defendants state that, on or about May 13, 2016, Turner and Washington met with Grant in Dunlap's office. With regard to the remaining allegations contained in Paragraph 32, Defendants deny them because they are untrue.

33. In response to Paragraph 33 of Polderdyke's Complaint, Defendants state that, at some point, Washington called Polderdyke and told her "these messages are coming up again." Defendants further state that, in this phone conversation, Washington again asked Polderdyke if she had any issues with him. Polderdyke told Washington that she did not have any issues with him. Defendants deny that Washington told Polderdyke that she "needed to make this problem go away."

34. In response to Paragraph 34 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

35. In response to Paragraph 35 of Polderdyke's Complaint, Defendants state that they believe that Polderdyke has served on the Wayne County Sheriff's

9

Office Honor Guard.

36.     In response to Paragraph 36 of Polderdyke's Complaint, Defendants can neither admit nor deny because they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

37.     In response to Paragraph 37 of Polderdyke's Complaint, Defendants state that Dunlap and Washington attended meetings related to the participation of the Wayne County Sheriff's Office Honor Guard in memorial or funeral services for Dallas Police Officer Michael Krol.

38.     In response to Paragraph 38 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

39.     In response to Paragraph 39 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

40.     In response to Paragraph 40 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

41.     In response to Paragraph 41 of Polderdyke's Complaint, Defendants state that Dunlap addressed Polderdyke outside the terminal (not in the hallway) to explain that he was not satisfied with the manner or detail in which Officer Krol's arrival and funeral were being handled. In further response, Defendants state that they are aware that the Wayne County Sheriff's Office has received two letters

concerning this incident. With regard to the remaining allegations contained in Paragraph 41, Defendants deny them because they are untrue.

42.     In response to Paragraph 42 of Polderdyke's Complaint, Defendants can neither admit nor deny what Polderdyke may have been told on July 16, 2016 because they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. With regard to the remaining allegations contained in Paragraph 42, Defendants deny them because they are untrue.

43.     In response to Paragraph 43 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

44.     In response to Paragraph 44 of Polderdyke's Complaint, Defendants admit that the County retained an attorney, Avery Williams of Williams Acosta, PLLC, to conduct an investigation of the allegations made by Polderdyke. With regard to the remaining allegations contained in Paragraph 44, Defendants deny them because they are untrue.

45.     In response to Paragraph 45 of Polderdyke's Complaint, Defendants admit that, on September 11, 2016, Polderdyke filed a charge of discrimination against the County with the Equal Employment Opportunity Commission.

46.     In response to Paragraph 46 of Polderdyke's Complaint, Defendants can neither admit nor deny because they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained

therein.

### Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*
### Count I: Alleged Quid Pro Quo Harassment
### Count II: Alleged Hostile Environment Harassment
### Count III: Alleged Retaliatory Harrasment

47.     Defendants incorporate by reference their responses to Paragraphs 1-46, *supra*.

48.     In response to Paragraph 48 of Polderdyke's Complaint, Defendants admit that Polderdyke is an employee and the County is an "employer" within the meaning of the ELCRA.

49.     In response to Paragraph 49 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

50.     In response to Paragraph 50 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

51.     In response to Paragraph 51 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

52.     In response to Paragraph 52 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

53.     In response to Paragraph 53 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

54.     In response to Paragraph 54 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

55.     In response to Paragraph 55 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

**Title VII of the Civil Rights Act of 1964, 42 USC 2000e,** *et seq*
**Count IV: Alleged Quid Pro Quo Harassment**
**Count V: Alleged Hostile Environment Harassment**
**Count VI: Alleged Retaliatory Harassment**

56.     Defendants incorporate by reference their responses to Paragraphs 1-55, *supra*.

57.     In response to Paragraph 57 of Polderdyke's Complaint, Defendants admit that Polderdyke is an employee and the County is an employer within the meaning of Title VII.

58.     In response to Paragraph 58 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

59.     In response to Paragraph 59 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

**Count VII: Whistleblowers' Protection Act, MCL 15.361,** *et seq*

60.     Defendants incorporate by reference their responses to Paragraphs 1-59, *supra*.

61.     In response to Paragraph 61 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

62.     In response to Paragraph 62 of Polderdyke's Complaint, Defendants

deny the allegations contained therein because they are untrue.

## Count VIII: Alleged Intentional Infliction of Emotional Distress

63.   Defendants incorporate by reference their responses to Paragraphs 1-62, *supra*.

64.   In response to Paragraph 64 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

65.   In response to Paragraph 65 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

66.   In response to Paragraph 66 of Polderdyke's Complaint, Defendants deny the allegations contained therein because they are untrue.

WHEREFORE, Defendants request that this Court dismiss Plaintiff's Complaint in its entirety and award Defendants any and all relief this Court deems just and equitable.

Respectfully submitted,

/s/James P. Allen, Sr.
James P. Allen, Sr. (P52885)
Co-Counsel for Defendants
400 Monroe, Ste. 620
Detroit, MI 48226
313-962-7777

October 13, 2017

## AFFIRMATIVE DEFENSES

By motion or at the trial of this matter, Defendants will assert some or all of

the following Affirmative Defenses:

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel or laches or the applicable statute of limitations.

3.     Some or all of Plaintiff's claims are barred by absolute or qualified governmental immunity.

4.     Some or all of Plaintiff's claims are barred because reasonable care in preventing and correcting harassment was exercised, and because Plaintiff failed to take advantage of corrective opportunities.

5.     Some or all of Plaintiff's claims are barred because she failed to timely exhaust contractual remedies.

6.     Some or all of Plaintiff's claims are barred because she failed to timely exhaust administrative remedies.

7.     Plaintiff has failed to mitigate her alleged damages.

8.     The individual Defendants cannot be sued in their individual capacities under Title VII.

9.     Plaintiff's damages are barred by her own actions or omissions, fraud, unclean hands, bad faith, and/or are not related to wrongful acts alleged.

10.     Plaintiff's claims are barred in whole or in part by a contractual limitations period.

Defendants reserve the right to amend these Affirmative Defenses or assert additional Affirmative Defenses as they become known through the course of discovery and trial.

Respectfully submitted,

/s/<u>James P. Allen, Sr.</u>
James P. Allen, Sr. (P52885)
Co-Counsel for Defendants
400 Monroe, Ste. 620
Detroit, MI 48226
(313) 962-7777

October 13, 2017

## RELIANCE UPON JURY DEMAND

Defendants rely upon Plaintiff's Jury Demand for all issues so triable.

Respectfully submitted,

/s/<u>James P. Allen, Sr.</u>
James P. Allen, Sr. (P52885)
Co-Counsel for Defendants
400 Monroe, Ste. 620
Detroit, MI 48226
(313) 962-7777

Dated:  October 13, 2017

16

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October13, 2017, I electronically filed the foregoing documents with the Clerk of the Court using the ECF filing system, which will send notification of such filing to All Counsel of Record.

<u>*/s/ Veronica Durr*</u>
400 Monroe Street, Suite 620
Detroit, MI 48226
(313) 962-7777
vdurr@allenbrotherspllc.com

17