UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

LACEY L. POLDERDYKE,

       Plaintiff,                      Case No. 17-cv-11516

vs.                                        Hon. Paul D. Borman

WAYNE COUNTY, RAFAEL
WASHINGTON, ROBERT DUNLAP,
and MICHAEL TURNER.

       Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

      This matter having come before the Court upon stipulation of the parties, by and through their respective counsel, that they have stipulated to entry of this Stipulated Protective Order Concerning Specified Document Production (hereinafter known as "Stipulated Protective Order"), and the Court being fully advised in the premises and, therefore,

      IT IS HEREBY ORDERED:

      1.    Documents produced by Defendants Wayne County ("County"), Rafael Washington ("Washington"), Robert Dunlap ("Dunlap") and Michael Turner ("Turner") (hereinafter collectively known as "Defendants") to Plaintiff Lacey L. Polderdyke, and her counsel, in response to a FOIA request and/or discovery issued by Plaintiff in the above-captioned matter concerning all formal, written complaints

1

regarding Dunlap's conduct which were filed with the Equal Employment Opportunity Commission, Michigan Department of Civil Rights, the Wayne County Sheriff's Office Internal Affairs Dept. or the Wayne County Human Relations Department shall not be released, provided, disclosed, or made known to any person by counsel except Plaintiff, Defendants, paralegal and secretarial employees of Plaintiff's counsel or Defendants' counsel, deposition and trial witnesses, experts, persons directly involved in the preparation of trial witnesses and experts, and other persons directly involved in the preparation or trial of this action, including a mediator or facilitator.  Prior to disclosing such documents to any of the permitted individuals identified in this paragraph, the individual must first review this Order and shall be advised of the obligation to honor the confidentiality required by this order.

2. Documents produced by Defendants to Plaintiff and her counsel, in response to a FOIA request and/or discovery issued by Plaintiff in the above-captioned matter concerning all formal, written complaints regarding Washington's conduct which were filed with the Equal Employment Opportunity Commission, Michigan Department of Civil Rights, the Wayne County Sheriff's Office Internal Affairs Dept. or the Wayne County Human Relations Department shall not be released, provided, disclosed, or made known to any person by counsel except Plaintiff, Defendants, paralegal and secretarial employees of Plaintiff's counsel or Defendants' counsel, deposition and trial witnesses, experts, persons directly involved in the preparation of

trial witnesses and experts, and other persons directly involved in the preparation or trial of this action, including a mediator or facilitator. Prior to disclosing such documents to any of the permitted individuals identified in this paragraph, the individual must first review this Order and shall be advised of the obligation to honor the confidentiality required by this order.

3. All records referenced in this protective order (or copies of them whether paper, photographic or digital) shall be used solely in this case and shall be destroyed at the conclusion of this case. Plaintiff's counsel shall provide written confirmation of document destruction to Defendants' counsel.

4. The production of any attorney-client privileged and/or work product protected document pursuant and subsequent to this Stipulated Protective Order shall not constitute waiver of the privilege or protection, and shall not constitute a general waiver of such privilege or protection.

5. Any party may challenge the designation of any information or documents as being subject to this Stipulated Protective Order by filing a motion for such relief. Pending resolution of such a motion the information or documentation shall remain subject to this Stipulated Protective Order.

6. This Stipulated Protective Order shall survive the final conclusion of this action and shall continue in full force and effect until modified, suspended, or terminated by Order of this Court or by agreement of the parties. The Court shall retain

jurisdiction over the parties and any other person bound by this Stipulated Protective Order for the purposes of enforcing its terms. Any violation of this order may give rise to appropriate sanctions against any person who causes, contributes to, or participates in, such a violation including but not limited to a finding of contempt and the assessment of damages, costs and attorney's fees.

7. This order shall apply only to documents produced on and after June 1, 2018 and the Dunlap materials produced on May 16, 2018; and, shall not apply to any materials regarding complaints filed by either Lacey Polderdyke or Shelly Milton against either Robert Dunlap or Rafael Washington.

8. This Protective Order shall not be interpreted as to apply to complaints and investigations involving Robert Dunlap or Rafael Washington obtained through sources other than Defendants or defense counsel (*i.e.*, Freedom of Information Requests to/from non-parties, subpoenas, etc.).

9. This is not a final order and does not dispose of this case.

**IT IS SO ORDERED.**

DATED: June 6, 2018

s/Paul D. Borman
Paul D. Borman
United States District Judge

Approved as to form and content on:

/s/*Karie H. Boylan (with consent)*
BOYLAN LAW, P.C.
Karie H. Boylan (P55468)
*Attorney for Plaintiff*
410 W. University, Suite 201
Rochester, Michigan 48307
(855) 926-9526
(855) 326-9526 fax
karie@boylanlaw.net

/s/*Zenna F. Elhasan (with consent)*
WAYNE COUNTY CORP. COUNSEL
Zenna F. Elhasan (P67961)
*Co-Counsel for Defendants*
500 Griswold, 30th Fl Guardian Bldg
Detroit, MI 48226
(313) 224-8719
zelhasan@waynecounty.com

/s/*James Allen*
ALLEN BROTHERS,
Attorneys & Counselors, PLLC
James Allen (P52885)
*Co-Counsel for Defendants*
400 Monroe Street, Suite 620
Detroit, MI 48226
(313) 962-7777
jamesallen@allenbrotherspllc.com